BERRÍOS, RECURRENTE *v.* EL REGISTRADOR DE HUMACAO, RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la inscripción de una escritura de compraventa.

No. 327.—Resuelto en julio 26, 1917.

OTORGAMIENTO DE ESCRITURA—TESTIGOS INSTRUMENTALES—FIRMAS DE LOS TESTIGOS.—El hecho de que el notario autorizante de una escritura de venta manifieste al final de la misma que por no saber firmar los vendedores lo hacen a su ruego los testigos instrumentales que le asisten, mientras que uno solo de ellos aparece firmando el documento, no es una falta que lo anule, siendo por tanto inscribible el documento.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco González.*

El registrador recurrido, Sr. Francisco G. Descartes compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El 26 de abril de 1917 Santiago Montañez y su esposa Paula Sánchez vendieron a José L. Berríos dos fincas rústicas sitas en la jurisdicción de Yabucoa, una de sesenta cuerdas segregada de otra inscrita en el registro de la propiedad de Humacao y otra de diez no inscrita. El contrato se hizo constar en escritura pública, apareciendo al final de ésta lo que sigue:

"Así lo dicen, ratifican y firma el comprador, no haciéndolo los vendedores, porque manifiestan ignorar el arte, pero a su ruego lo hacen los testigos instrumentales que me asisten, mayores de edad y de esta vecindad, señores Juan B. Sotomayor y Delfín Ruiz a quienes como a los otorgantes leí el presente documento por su renuncia, advertidos del derecho que tenían para hacerlo por sí y hallándolo conforme lo aprueban.

. "Y yo el notario, doy fe de conocer a testigos y otorgantes y de todo lo consignado en este instrumento público. Firman: Como testigo y a ruego de don Santiago Montañez y Ramos y su esposa Doña Paula Sánchez, J. B. Sotomayor. José L. Berríos. Delfín Ruiz.

"Firmado, signado y rubricado, Antonio Rodríguez, Notario público."

Presentada la escritura en el registro, el registrador se negó a inscribirla. Su nota, contra la cual se ha interpuesto el presente recurso gubernativo sólo en cuanto al primer motivo de la misma, copiada en lo pertinente, dice así:

"Denegada la inscripción de este documento porque no aparece firmado de acuerdo con su redacción, infringiendo la sección 14 de la ley para regular el ejercicio de la profesión notarial en Puerto Rico aprobada el 8 de marzo de 1906, pues diciéndose que los testigos firman por los vendedores, aparece sin embargo que sólo lo ha hecho por ellos uno de los testigos, o sea, Juan B. Sotomayor, y además porque la finca de 10 cuerdas no aparece inscrita a favor de los vendedores ni de  *  *  *".

A nuestro juicio si bien la escritura de que se trata revela un lamentable descuido por parte del notario que la autorizó, esto no obstante, es inscribible. La sección 14 de la Ley Notarial vigente, Leyes de 1906, pág. 143, ya interpretada por esta corte en los casos de *Rodríguez* v. *El Registrador de Ponce,* 14 D. P. R. 738, *Villanueva et al.,* v. *El Registrador de Arecibo,* 18 D. P. R. 831 y *Banco Territorial* v. *Registrador de San Juan,* 22 D. P. R. 584, exige que "Si los otorgantes o alguno de ellos no supiere o no pudiere firmar lo expresará así el notario, debiendo firmar uno de los testigos, escribiendo de su puño, en ante firma, que lo hace por sí como testigo, y a nombre del otorgante que no sepa o no puede verificarlo."

Y aquí. el notario consignó que los vendedores le manifestaron que no sabían firmar y al hacerlo por ellos uno de los testigos .expresó en ante firma, que lo hacía como testigo y a ruego de los vendedores, consignando sus nombres. La confusión se deriva de la circunstancia de haber usado el notario al referirse al hecho de la firma de los vendedores el plural en vez del singular. Lo exigido por la ley quedó cumplido. La falta cometida por el notario no anula el documento. Sólo sirve como una ilustración real de las dificultades que ocasiona a las partes el descuido de un notario en la redacción de un documento.

·Debe revocarse la nota en la parte en que ha sido recurrida y ordenarse la inscripción de la finca de sesenta cuerdas descrita en la escritura.

> *Revocada la nota en la parte recurrida y ordenada la inscripción solicitada.*

Jueces concurentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.